COMAN, Appellant, vs. WUNDERLICH, Respondent.

*April 20—May 10, 1904.*

*Sales: Written contract: Variance by parol: Evidence: Cross-examination: Instructions to jury.*

1. A written contract for the sale of certain articles therein described and upon terms therein mentioned, which were expressly stated to cover the entire contract, cannot be varied or contradicted by oral evidence that the sale was by sample and upon terms not mentioned in the writing.

2. In an action for the purchase price of goods sold under written contract, which defendant claimed were not such as had been ordered or according to oral representations of the seller's agent, evidence of a sale by said agent to another person on the same day and that such person returned the goods sent him because not according to the agreement, was inadmissible.

3. Where defendant testified that the jewelry sent him was not of rolled gold as required by the contract, but of brass, the plaintiff should have been permitted, on the cross-examination, to ask him whether a certain article of jewelry then exhibited was gold or brass.

4. A trial judge should not, in charging the jury, give special significance to the evidence on one side of the controversy by speaking of it in detail, especially to those parts favorable to that side, while not mentioning the opposing evidence; nor should he so charge the jury as to refresh their memory as to the testimony on one side of the controversy while not doing so as to that on the other.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action to recover on contract. The Eastern Manufacturing Company, a dealer in jewelry, through its agent took of the defendant an order for a quantity of merchandise of that character, specifying the articles to be included therein. The order contained a provision that defendant had read the same and found it satisfactory; that the entire contract between the parties was expressed therein; that it was not subject to variance by any verbal contract, agreement, or understanding; and that it was not subject to countermand or change in any

way other than by an endorsement thereon.  It contained no warranty other than what is involved in a stipulation as follows:

"Any article of jewelry purchased from us not giving reasonable satisfaction must be returned for exchange or repair, and we will repair or forward new duplicate articles in its place, provided the same is returned to us for exchange or repair within seven years from date of purchase, but cannot be returned for credit.  Should said duplicate article wear out or fail to give reasonable satisfaction, it must be returned for repair or exchange, as above described, and so on until the seven years have expired, which rule applies to every article of jewelry purchased from us, whether as part of the following assortment or received by the purchaser in exchange for any goods purchased with the following assortment.

"It is understood that all of the terms and stipulations contained in this order shall be a part of the consideration for which the money is to be paid.

"Any jewelry bought from us not selling readily, must be returned for exchange for any new style or pattern of like jewelry in our stock within twelve months from date of purchase, but cannot be returned for credit.  It being understood that the Eastern Mfg. Co. shall not be obliged to make exchanges as provided in the above exchange plan should the purchaser fail to promptly comply with his part of the terms contained in this order."

Jewelry was sent in response to such order, claimed by the manufacturing company to comply therewith, which defendant refused to pay for.

The cause of action to recover upon the contract was duly assigned to the plaintiff, and subsequently this action was brought thereon.  The complaint is in the usual form for the recovery of a money demand upon contract.  Defendant answered by a general denial, and allegations to the effect that the goods were sold by sample, accompanied by a guaranty that if the defendant would give the order, merchandise like the samples exhibited would be sent for inspection and approval; that goods were sent ostensibly as ordered; that upon

inspection they were found not to be such, nor as represented by the samples; that thereupon the same were immediately returned to the shipper; and that the latter knew the goods shipped were not as ordered.

Upon the trial considerable evidence was allowed against objection by defendant's counsel, to the effect that the sale to defendant was by sample and upon a guaranty as alleged in the answer. There was evidence showing that goods were sent which the plaintiff claimed were in all respects according to the order, but that the same were returned to the shipper as alleged in the answer.

The court instructed the jury, in effect, that if they were satisfied that the goods sent to defendant were not such goods as he ordered, having reference to the samples exhibited at the time the order was given, he was justified in returning the same as he did, and was entitled to a verdict of no cause of action.

The verdict was for defendant, and judgment was rendered accordingly, from which this appeal was taken.

For the appellant the cause was submitted on the brief of *Henry Hay*.

*T. W. Hogan,* for the respondent.

MARSHALL, J. Upon the competent evidence this plain, simple issue, only, was for solution in this case: Was the jewelry, sent by the manufacturing company to respondent, such as that described in the written contract? There was no defense of fraud, therefore evidence to show that the real contract between the parties was different from that stated in the writing which they signed was improperly received. That is so by an elementary principle so familiar that we need only to suggest it. Parol evidence as to what occurred at the time of or prior to the making of a written contract is not admissible to vary or contradict it. The manufacturing company promised in writing to sell to respondent, and the latter prom-

ised to purchase of the former, certain specified and described articles of jewelry agreed to include all belonging to such company's $170.67 show case jewelry assortment, it being expressly stipulated that the writing should be regarded as including every obligation of the company in respect to the matter. Nevertheless respondent, against objection by appellant's counsel, was permitted to introduce evidence at great length respecting what was said at the time the contract was made, and tending to show that the company agreed orally that it should cover a duplicate of a certain case of jewelry exhibited at the time, and that, relying thereon, respondent signed the contract. In short, respondent was permitted to prove an oral agreement with stipulations differing materially from those in the written contract, while the suit was upon the latter. Though it was for a sale of certain articles therein described, and upon terms therein mentioned, evidence was permitted of a sale by sample, and upon terms not mentioned in the writing. That was error, requiring a reversal of the judgment.

The error committed as aforesaid was emphasized by another in the instructions given to the jury. There was a conflict in the evidence as to whether the oral agreement, if provable, called for a duplicate of a particular lot of jewelry exhibited. The court not only permitted the controversy to arise as to what the oral contract was, but instructed the jury, in effect, that the case was to turn thereon. The jury were told to weigh the conflicting evidence in that regard and to find according to their judgment as to which side testified to the truth. Further, though a serious conflict in the evidence existed, the jury were told, in effect, that the contract made was for a duplicate of the lot of jewelry exhibited.

We do not overlook the fact that counsel claims appellant was not prejudiced because the oral contract was the same as the written contract and that the court used the language referred to with that view. To us it seems that the contract tes-

tified to by respondent was materially different from the written agreement.

The court committed further error in permitting respondent to introduce evidence of a sale by appellant's agent to another party on the same day the sale in question was made, and that such party returned the goods sent him because not according to the agreement. That circumstance had nothing whatever to do with the case in hand. It was manifestly brought to the attention of the jury in a way prejudicial to appellant. They must have understood that it had a bearing on whether the contract in question was as testified to by respondent and whether there was a breach thereof. Upon what theory the evidence was permitted is not perceived. Similar evidence was admitted in *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923, to establish a fraudulent intent, and the ruling of the court in that regard was condemned. Of course, if it could have no bearing on the question of fraudulent intent, or if, having such bearing, it was not material, as held in that case, though the defense of fraud was pleaded, it had no legitimate place in the trial of the issue here, where there was no such plea.

Respondent testified the goods sent were not rolled gold as promised in the writing, but were brass. To test his competency to testify on that subject, an article of jewelry was exhibited to him and he was interrogated as to whether it was gold or brass. The question was objected to and the objection sustained. It bore on a vital point in the case. We are unable to perceive why it was not competent. The question was asked on cross-examination. A wide range of inquiry is permitted in that situation to test the credibility of a witness, especially where he testifies to a matter falling within the scope of expert knowledge.

Further complaint is made because the court, in instructing the jury, called to their attention in considerable detail the evidence on the part of respondent as to the appearance

of the goods when received, while saying nothing about the evidence on the other side describing the goods shipped. Moreover, that, in speaking of respondent's evidence in that regard, language was used tending to create in the minds of the jury an unfavorable impression of the goods in question, saying: "Some of the stuff, some of the stones in the rings and pins, etc., were even dropped out and lying loose in the case, and that the others were very poorly set in the jewelry." This assignment of error is not without merit. A trial judge should not, in charging the jury, give special significance to the evidence on one side of the controversy by speaking of it in detail, especially to those parts favorable to that side, while not mentioning the opposing evidence; nor should he so charge the jury as to refresh their memory as to what was testified to on one side of the controversy while not doing so as to what was testified on the other. This is in harmony with what was said in *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550.

From the foregoing it follows that the judgment appealed from must be reversed and the cause remanded for a new trial.

*By the Court.*—So ordered.