MIDLAND LINSEED COMPANY, Appellant, vs. REMINGTON DRUG COMPANY, Respondent.

*January 31—February 23, 1906.*

*Sales: Contracts: Variation by parol.*

1. A memorandum signed by the seller and accepted by the buyer, reciting confirmation of a sale by an agent of sixty barrels of linseed oil at a named price f. o. b. Milwaukee, shipment at buyer's option during the months of November to July inclusive, terms thirty days net or less one per cent. for cash in ten days from invoice date, and that it was understood that the buyer would call for about equal quantities per month, has all the essentials of a contract, and, in the absence of any claim of fraud or ambiguity, evidence of the circumstances under which the contract was made is not admissible to aid the court in construing it.
2. In an action on such contract it is error to allow evidence as to what occurred between the seller's agent and the buyer prior to and contemporaneous with the making of the contract.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action to recover for breach of contract.

The complaint of the plaintiff was to this effect: Its agent took an order from defendant for a sale and delivery by it of sixty barrels of linseed oil at forty-three cents per gallon for boiled oil and forty-two cents for raw oil, the order being accompanied by some verbal arrangement between defendant and such agent. The order was sent to the plaintiff, by whom the arrangement, so far as it desired to approve the same, was reduced to writing in duplicate and signed, both papers being then sent to the defendant to be signed, if satisfactory, and one to be then retained by him and the other returned. The papers were signed, and one retained and the other returned accordingly. It was in these words:

"Sept. 24, 1902.

"*Remington Drug Company, Fond du Lac, Wis.*

"GENTLEMEN: We confirm sale to you through Mr. J. M. Mollerus of 60 barrels of pure old process linseed oil at 42 cents per gallon for raw and 43 cents for boiled f. o. b. Milwaukee, for shipment as you may want it during the months of November to July, inclusive. Terms 30 days net or less 1 per cent. for cash in ten days from invoice date. Shipment will be made as you may want it, but it is understood you will call for about equal quantities per month.

"Please sign enclosed copy of letter for our files.

"Thanking you for the order, we are,

"Yours truly,

"MIDLAND LINSEED COMPANY.

"Accepted.

"REMINGTON DRUG COMPANY, L. J. R."

Plaintiff performed the conditions of the contract on its part, except in so far as it was prevented from so doing by defendant. The defendant breached the contract by refusing to take more than thirty-one barrels of the oil. After defendant's refusal to take the twenty-nine barrels plaintiff sold the same at the market value, realizing, after deducting $17.50, necessary storage charges and insurance expense, $177 less than the agreed price.

The answer of the defendant was to the effect that at the time the order for the oil was given it was orally agreed between him and the agent that plaintiff would resell one half the oil so that defendant's obligation could be discharged by payment for thirty barrels; that such agreement was embodied in the order; that thereafter at the request of the agent defendant consented to the shipment of sixty barrels of oil through him to Worcester & Jones, at Wautoma, such shipment to include the thirty barrels of oil to be paid for by him; that shipment was made accordingly; and that defendant paid plaintiff for thirty barrels of oil and five barrels additional.

On the trial a written contract, as alleged by plaintiff, was established, the same being produced and received in evidence. Proof was also made of the other allegations of the complaint. On defendant's part, under objection, evidence was permitted to support his answer as to the resale of thirty barrels of oil. Evidence was also permitted, under objection, to the effect that when the contract was signed there was a verbal understanding between defendant and plaintiff's agent as to such resale. No proof was made to the effect that subsequent to the making of the contract it was modified by parol, or that there was any arrangement made for a discharge thereof by a shipment of sixty barrels of oil to Worcester & Jones through the defendant, he taking and paying for thirty barrels thereof, or that it was so discharged.

The verdict of the jury was for the defendant.

For the appellant there was a brief by *N. P. Christiansen,* attorney, and *Phillips & Hicks,* of counsel, and oral argument by *Mr. Christiansen.*

For the respondent there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle.*

MARSHALL, J.   It seems clear that the verdict was based mainly on evidence as to what was said at the time the order for the oil was given, respecting what such order in fact con-

tained, and what was said at the time the contract was signed. We need spend no time discussing the question of whether the paper referred to as a contract was such in fact. That does not admit of any reasonable controversy. It has all the essentials of a contract, and was signed as and for such by both parties. No claim of fraud was made by the complaint or evidence, nor was any claim made that the contract was ambiguous. So there was no basis whatever for evidence of the circumstances under which the contract was made to aid the court in construing it. The allowance of evidence as to what occurred between the agent and respondent prior to and contemporaneous with the making thereof regarding a resale of part of the oil, was a plain violation of the very familiar rule of evidence precluding any contradiction of a written contract by parol. For that reason the judgment must be reversed and a new trial ordered.

*By the Court.*—So ordered.