LEGRO, Appellant, vs. CARLEY and another, Respondents.

*December 10, 1914—February 9, 1915.*

*Negligence: Destruction of property by sparks from traction engine: Evidence: Sufficiency of spark arrester: Statute construed: Uncertainty: Instructions to jury.*

1. In an action to recover for the burning of a barn and other property the evidence is *held* to sustain a finding by the jury that the fire was caused by sparks or cinders emitted from defendants' traction engine.

2. Sub. 1, sec. 1494—57, Stats., includes within its requirements all traction or portable engines, and it was error to exclude evidence offered by plaintiff to show that defendants were running the engine in question in violation of that statute.

3. The requirements of sub. 1, sec. 1494—57, Stats., that the engines mentioned therein shall be "so constructed as to give the most practicable protection against the escape of sparks" and "shall be provided with the most practicable devices to prevent the escape of fire from ash pans or fire boxes," do not render the statute void for uncertainty.

4. The spark arrester upon the engine in question, not being a screen or wire netting on top of the smokestack, but being in the form of a cone of wire screen with a rim on top, set down on the top of the smokestack with the point or apex downward into the stack, and the point having been rusted or burned off so that there was a hole in it, was not in compliance with said statute.

5. An instruction to the jury, to the effect that there was a large amount of testimony tending to show that the spark arrester was not unsafe or defective, and little if any evidence that it was defective or unsafe, was erroneous and prejudicial.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to recover damages for the destruction of the plaintiff's barn and harvested crops by fire alleged to have been caused by defendants' negligence in equipping their threshing engine. The answer denies generally the allegations of the complaint and alleges that the plaintiff's dam-

age, if any, was caused by the contributory negligence of the plaintiff. The jury returned the following verdict:

"(1) Was the fire which burned plaintiff's barn and other property caused by sparks or cinders of fire emitted from the defendants' engine? A. Yes.

"(2) Was the spark arrester which was on the defendants' engine at the time of the fire in a defective and unsafe condition? A. No.

"(3) If you answer question number 2 by 'Yes,' then answer this question: Was such defective and unsafe condition known to the defendants at the time of the fire? A. ——.

"(4) If you answer question number 2 by 'Yes,' then answer this question: Had such defective and unsafe condition of the spark arrester existed for such length of time that the defendants, in the exercise of ordinary care, ought to have known and remedied it? A. ——.

"(5) If you answer question number 2 by 'Yes,' then answer this question: Was such defective and unsafe condition of the spark arrester the proximate cause of plaintiff's damage? A. ——.

"(6) Was the plaintiff guilty of any want of ordinary care which proximately contributed to the plaintiff's damage? A. ——.

"(7) What was the value of the plaintiff's property destroyed by the fire? A. ——."

Judgment was rendered for the defendants upon the verdict, from which this appeal was taken.

For the appellant there was a brief by *Goodrick & Goodrick*, and oral argument by *A. B. Goodrick*.

For the respondents the cause was submitted on the brief of *Henry Hay*.

KERWIN, J. On September 15, 1911, the defendants began threshing plaintiff's grain on his premises and shortly thereafter a fire started in the hay in a log barn. The thresh-

ing engine was placed about thirty or forty feet from the barn. The fire destroyed the plaintiff's property. There is evidence that plaintiff received $448 insurance, which deducted from the value of the property burned left about $1,000 damages sustained, occasioned by the fire.

There is also evidence tending to show that the spark arrester was in the form of a cone made of wire screen with a rim on top set down on the top of the smokestack, point or apex downward into the stack; that shortly after the fire started the engine was removed from the fire; that the spark arrester had been used about seven years; that it was discovered after the spark arrester had been removed that the point or apex extending downward into the smokestack had been burned off or rusted off so that there was a hole in it; that the arrester had been inspected two or three days before the fire, and it was claimed by respondents and denied by appellant that the jar caused by pulling the engine over the blocks after the fire started caused the point of the arrester to fall off.

Expert witnesses testified that sparks would not pass through the hole in the point of the arrester, because of the action of the steam through the exhaust pipe located immediately below the point of the spark arrester, because the action of the exhaust would drive the sparks to the side of the smokestack, and besides the steam was so wet as to extinguish the sparks if any went up through the hole in the point of the arrester; that it was safe to operate the arrester with the hole in it.

There was some evidence, however, that sparks would live to go up the side of the smokestack, and that this would occur in any smokestack; that no practical smokestack could be devised which would not emit some sparks. We think there was sufficient evidence to support the finding of the jury to the effect that the fire which burned the plaintiff's property was caused by sparks or cinders of fire emitted from the defendants' engine.

The appellant assigns several errors and urges them as grounds of reversal.

1. Sub. 1, sec. 1494—57, Stats., provides:

"Between March 1st and December 1st it shall be unlawful for any . . . traction, or portable engine, and all other engines, boilers, and locomotives, except railway locomotives, operated in, through, or near forest, brush, or grass land, which do not burn oil as fuel, to be operated without a screen or wire netting on top of the smokestack and so constructed as to give the most practicable protection against the escape of sparks and cinders from the smokestacks thereof, and each such engine shall be provided with the most practicable devices to prevent the escape of fire from ash pans or fire boxes. . . ."

The appellant offered to prove that respondents were running their engine in violation of this statute, and the evidence was excluded on the ground, as we understand the record, that the statute does not apply. We think it was error to exclude the evidence. But counsel for respondents insists that the statute is inapplicable on the ground that the phrase "operated in, through, or near forest, brush, or grass land" modifies the phrase "and all other engines, boilers, and locomotives," and does not modify or qualify the first or the second class of engines named in the statute. We cannot assent to this construction. The statute seems to include within its requirements all traction or portable engines and all other engines, boilers, and locomotives except railway locomotives.

It is further claimed by respondents that the statute is void for uncertainty because of the provisions "so constructed as to give the most practicable protection against the escape of sparks." "Such engines shall be provided with the most practicable devices to prevent the escape of fire from ash pans or fire boxes." These provisions do not render the statute void for uncertainty. *Bonnell v. C., St. P., M. & O. R. Co.* 158 Wis. 153, 147 N. W. 1046.

It is further contended by counsel for respondents that if

the statute is valid there was compliance with it regarding the furnishing of a sufficient spark arrester. On this point the court is of opinion that the spark arrester was not in compliance with the statute. It was offered in evidence and is before us and does not show a screen or wire netting on top of the smokestack.

2. The court instructed the jury:

"A large amount of testimony has been offered tending to show that in the condition that the spark arrester is now in, that it is not unsafe or defective. This evidence tends to prove that the spark arrester in the present condition is as good as that used by the ordinary careful and prudent man. In fact there is little if any evidence that such spark arrester, in the condition it now is in, is defective or unsafe."

This instruction was erroneous and prejudicial. *Wolff v. Carstens,* 148 Wis. 178, 134 N. W. 400; *Coman v. Wunderlich,* 122 Wis. 138, 99 N. W. 612; *Bodenheimer v. C. & N. W. R. Co.* 140 Wis. 623, 123 N. W. 148; *Ferguson v. Truax,* 132 Wis. 478, 110 N. W. 395, 111 N. W. 657, 112 N. W. 513; *Till v. State,* 132 Wis. 242, 111 N. W. 1109.

Several other errors are assigned and discussed by counsel for appellant, but since they are not likely to occur upon another trial we need not consider them.

3. It is argued by counsel for respondents that the plaintiff was guilty of contributory negligence as matter of law. Whether he was guilty of contributory negligence was for the jury.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.