Knight & Bostwick, Appellant, vs. Moore, Respondent.

*January 12—February 10, 1931.*

For the appellant there was a brief by *Benton, Bosser & Tuttrup,* attorneys, and *Edgar E. Becker* of counsel, all of Appleton, and oral argument by *Mr. Becker* and *Mr. Roger R. Tuttrup.*

For the respondent the cause was submitted on the brief of *Mark Catlin* of Appleton.

FOWLER, J. However it may be as to the answer stating a defense of fraud, it is quite apparent that from the evidence the defendant is not in position to assert such defense. The defendant testified that at the time of signing the contract he had it before him but did not make any effort to read it; that he would not have signed it had he had time to read it over; that the agent said prior to the signing that he would plant the stock and that the defendant need not take all the stock included in the order if at the time of delivery he did not want it; and that defendant would not have signed the contract had the agent told him at the time of signing that he would not plant it or that the defendant must take it all. This is all the evidence there is to support a defense of fraud.

"A person cannot sign a paper in ignorance of its contents and thereafter excuse such ignorance by the mere plea that he was busy or that he is habitually neglectful in such circumstances, and throw upon the courts the burden of protecting him from the consequences of his imprudence. The policy of the law is fixed to the effect that he who will not reasonably guard his own interests when he has reasonable opportunity to do so, and there is no circumstance reasonably calculated to deter him from improving such opportunity, must take the consequences. Courts do not exist for the purpose of protecting persons who fail in that regard." *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923.

The rule is well established—

" . . . that the court will not constitute itself the guardian of persons of mature age and ordinary intelligence, protecting them against the results of their own negligence; that it will not furnish a person a remedy for a wrong where he cannot prove a legal claim without showing that his own negligence intervened between the act of the alleged wrongdoer and the result complained of and was the real efficient producing cause of his injury." *Bostwick v. Mutual Life Ins. Co,* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246.

The principle is so firmly fixed by the decisions of this court stated in the *Bostwick Case, supra,* that there is no need of further citations or discussion. The defendant seeks to avoid the effect of this rule by quoting from *Mamlock v. Fairbanks,* 46 Wis. 415, 1 N. W. 167, that ". . . the seller must not use any art or practice any artifice to conceal defects, or make any representations or do any act to throw the purchaser off his guard, . . . or to obscure his observation or to prevent his use of any present means of information." But the case is entirely wanting of evidence that the plaintiff's agent did any of these things. It is quite true that according to defendant's testimony he would not have signed the contract had the agent not made false promises, but there was no misrepresentation by the agent of the contents of the contract or any art or device practiced by him to prevent the reading of it. We have here the simple and altogether too frequent case of an intelligent man asking the court to protect him against the wrong of another merely because he failed to take the few moments of time that would have enabled him to protect himself.

The plaintiff claims that it is entitled to judgment for the full purchase price of the goods ordered. This claim cannot be upheld. The plaintiff received the countermand of the order before the goods were shipped or packed. The defendant might breach his promise not to countermand, just as he might breach his promise to pay. His breach entitled the plaintiff to recover the damages consequent on the breach, but did not entitle it to ship the goods and recover the purchase price. Its damages were the expense, if any, that it had undergone pursuant to fulfilment of the order up to the time of the cancellation and the profits of its bargain. *Tufts v. Weinfeld,* 88 Wis. 647, 60 N. W. 992; *Badger State L. Co. v. G. W. Jones L. Co.* 140 Wis. 73, 79, 121 N. W. 933.

As the case must be remanded for a new trial for a proper assessment of damages, we will consider the point raised by the demurrers—whether the answer states facts such as to preclude the defendant from interposing the defense of fraud.

Assuming facts constituting fraud are stated if they stood alone, the answer states that the defendant is a teacher at Lawrence College; that he "was busy" and plaintiff's agent knew he did not read the contract and "gave him (the defendant) no opportunity" to read it; that the agent knew the contract did not express the agreement, and that he did not call the defendant's attention to any of the terms of the contract or that the plaintiff was a foreign corporation. It is considered that these allegations do not show that the agent committed any act or resorted to any artifice to prevent the defendant from reading the contract and convict the defendant of negligence in failing to do so and that they preclude him from relying on the fraud of plaintiff's agent as a defense under the rule of the cases above cited. This defense being barred by defendant's negligence, the defendant's parol evidence to dispute the unambiguous terms of the contract is inadmissible. *Midland Linseed Co. v. Remington D. Co.* 127 Wis. 242, 106 N. W. 115; *Coman v. Wunderlich,* 122 Wis. 138, 99 N. W. 612; *Johnson v. S. W. Straus & Co.* 203 Wis. 256, 234 N. W. 335. On the new trial a demurrer *ore tenus* to the answer as it now stands should be sustained and evidence to vary the terms of the contract excluded.

*By the Court.*—The judgment is reversed and the cause remanded for a new trial.