LEFEBVRE, Respondent, vs. AUTOIST MUTUAL INSURANCE COMPANY, imp., Appellant.

*April 9—May 12, 1931.*

116

118

For the appellant there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *E. L. Everson*.

For the respondent there was a brief by *Edward M. Goemans* of De Pere and *Clifford & Dilweg* of Green Bay, and oral argument by *Mr. G. F. Clifford* and *Mr. Goemans*.

FOWLER, J.  The appellant assigns as error (1) that the court should have dismissed the complaint against it on the ground (a) that the assured is conclusively presumed to have understood the contents of the instrument he signed and to have intended it to operate according to its terms, and (b) that the evidence itself does not warrant the findings of the jury as to mistake of the insured or the agent; (2) that a new trial should be awarded because the court wrongly instructed the jury that the same ten jurors need not agree on the answers to all questions of the verdict.

(1) (a) It is well established that as a general rule a person is not permitted to repudiate a written obligation by saying when called upon to respond to it that he did not read it when he signed it or did not know what it contained. Appellant cites several cases to this effect. *Upton v. Tribilcock,* 91 U. S. 45; *Albrecht v. Milwaukee & S. R. Co.* 87 Wis. 105, 58 N. W. 72; *Sanger v. Dun,* 47 Wis. 615, 3 N. W. 388; *Bostwick v. Mutual Life Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246.  These cases support the general rule.  The rule was recently applied in *Knight & Bostwick v. Moore,* 203 Wis. 540, 234 N. W. 902.

The rule in its strictness, however, is applied to contracts as distinguished from receipts, releases, and the like.  It is true that it has been held that the rule applies to what is in form a receipt if it also contains an assumption of con-

tractual obligation. But as to any such instrument, if the person signing it has been induced to sign it by misrepresentation of the other party as to its contents it may be avoided for fraud and mistake if the misrepresentation was intentional or for mistake if it was not intentional. Here the insured claims that the agent told him the paper signed was a mere receipt for a lost policy; the words "Lost Policy Receipt" in large and bold type were such as to attract the attention and lead to the assumption that the paper was only what those words naturally indicated, a mere receipt for a lost policy, and this would tend to corroborate the statement of the agent. The limited mentality of the insured which the trial court especially mentions is an important factor in determining whether as matter of law a party should be held to terms contained in a paper he signs. A receipt in full is not binding except as to the amount stated if signed in the belief that it was only a receipt for the amount. *Butler v. Regents,* 32 Wis. 124; *Smith v. Schulenberg,* 34 Wis. 41; *Catlin v. Wheeler,* 49 Wis. 507, 522, 5 N. W. 935. A mere receipt is always open to explanation. And a receipt in form containing contractual elements may be avoided for fraud or mistake. *Conant v. Estate of Kimball,* 95 Wis. 550, 555, 70 N. W. 74. Under this rule releases of personal-injury claims have been often avoided. *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Bussian v. Milwaukee, L. S. & W. R. Co.* 56 Wis. 325, 14 N. W. 452; *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Sheanon v. Pacific Mut. Life Ins. Co.* 83 Wis. 507, 527, 53 N. W. 878. In most of the cases an element of fraud inheres, in that the release involved was obtained while the party signing was suffering from his injuries, and his failure to read it or understand its contents is attributed to that fact, but in the last case cited it is stated (p. 528):

"The authorities in this state fully sustain the conclusion that, if the instrument was signed through the excusable

mistake or negligence of the party, he is not bound by it, although the burden of proof is on him to rebut the presumption of gross negligence. If grossly negligent, manifestly he would be bound by it; but the presumption is not a conclusive one."

The case is distinguished from such cases as *Bostwick v. Mutual Life Ins. Co., supra,* and *Knight & Bostwick v. Moore, supra,* wherein the party signing was given and retained in his possession the original or a duplicate of the contract signed. We consider that it was a jury question whether the insured was relieved from the terms of the so-called receipt on the ground of "excusable mistake or negligence" under the rule last stated. No question directly covering the point of excusability was submitted to the jury, but none was requested, and under sec. 270.28, Stats., the fact if essential to recovery must be deemed to have been submitted to and decided by the court in such way as to support the judgment.

(1) (b) The trial judge carefully considered whether upon the evidence the findings of the jury should stand and was of opinion that the questions were for the jury. He especially mentions the assured's limited mentality, of which he was in better position to judge than we, and this bears materially upon the assured's understanding of the transaction between himself and the agent. So far as there was conflict in the testimony of the insured and the agent, their respective credibility was for the jury to determine. It is of some significance that the provisions of the policy respecting cancellation were not complied with. If the policy were canceled the company should have sent the insured notice to that effect and sent him its check for the returned premium allowed. If the policy was in fact canceled the company might have fully protected itself by so doing. Instead, it saw fit merely to send its check for the returned premium to the agent and thereby aid the agent in collecting his ac-

count against the insured. The notation on the agent's copy of the policy, if made at the time it bears date as presumably it was, is strong evidence of cancellation, but it does not necessarily control even on the proposition of mutual mistake, as the action of the agent in sending the two bills of $7 each and stating to the plaintiff that the defendant Nickolai was insured tends to show that the agent did not consider the policy canceled, notwithstanding the claim that this happened through clerical error in not properly crediting the agent's account against the insured on receipt of the $10 return premium. On the whole we conclude that the trial court's upholding of the verdict should not be disturbed. This is particularly applicable to the finding upon the first question, and if the assured's signing is excusable that finding alone is sufficient to support the judgment.

(2) The court instructed the jury that each question of the verdict presented an issue by itself and that the same ten need not agree to all the questions. The answers of the jurors were ten to two upon each question and it does not appear that the same ten jurors agreed upon any two of the questions. There was a third question in the verdict, but it was whether the policy was in force and whether it was purely a matter of law dependent upon the answers to the other questions. As stated above, the answer to the first question was all that was essential to support the judgment and it is immaterial how or by what ten jurors the second question was answered.

*By the Court.*—The judgment is affirmed.