THE DOWAGIAC MANUFACTURING COMPANY, Respondent, vs. SCHROEDER, Appellant.

*October 16 — October 30, 1900.*

*Contracts: Signature induced by false statements as to contents: Negligence: Court and jury.*

| 108 | 109 |
| 109 | 7 |
| 108 | 109 |
| 112 | ³200 |
| 108. | 109 |
| 115 | 640 |

1. A German of considerable experience in the business of selling farm machinery signed a written contract to purchase two grain drills. He could read business papers in English, and his adult son, who had a good education and acted as his bookkeeper, was present, but neither of them read or tried to read the contract, though there was nothing to prevent it. *Held*, that he was guilty of negligence which prevents his defending against an action on the contract on the ground that he was induced to sign it by fraudulent representations as to its contents.

2. Where plaintiff's right of recovery is clear upon the undisputed evidence, the trial court, upon setting aside a verdict for defendant, may render judgment for plaintiff.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is an action for the recovery of the purchase price of two grain drills sold by the plaintiff to the defendant by a written contract of sale. The defense relied upon was that the defendant was induced to sign the contract by fraudulent

representations as to its contents. The plaintiff's evidence showed the execution of the contract by both parties, the delivery of the drills as provided for by the terms of the contract, and the fact of nonpayment. The defendant's evidence concerning the alleged fraud in the procuring of the contract will be found sufficiently stated in the opinion. The jury returned a verdict for the defendant, but the court, on motion, set the same aside and entered judgment for the plaintiff for the purchase price of the drills, for the reason that no defense had been proven; and from this judgment the defendant appeals.

For the appellant there was a brief by *Feeney & Atwood,* and oral argument by *James H. Feeney.*

For the respondent there was a brief by *Ellis & Merrill,* attorneys, and *T. P. Silverwood,* of counsel, and oral argument by *Mr. Silverwood.*

WINSLOW, J. It was shown that the defendant purchased the grain drills in question by a written contract, and the only defense attempted to be made, or which the evidence tends to establish, was that the defendant was induced to sign the contract of purchase by means of fraudulent representations made by the plaintiff's agent as to the contents of the contract.

The principle of law is that, if it be clearly and satisfactorily proven that a party signed a note or contract relying upon false and fraudulent representations as to its true character, and was guilty of no negligence in failing to ascertain what the contract really was, he is not bound by it. *Bowers v. Thomas,* 62 Wis. 480, and cases cited.

The evidence in the case before us entirely fails to meet this test. The defendant was a German of considerable business experience. He had been in the business of selling farm machinery fourteen years. He claims he could not read English, but admits on cross-examination that he could read

enough to tell what the meaning of the contract was; and the proof was overwhelming, by his own admissions, that he could read business papers. He could write his name reasonably well, and admits making out notes for others to sign. He had been a school director in his district, and signed orders and teachers' contracts. His son, who acted as his bookkeeper, was present when the contract was signed, but was not called as a witness. This son was twenty-two years of age, and had a good education; but neither the father nor the son read or tried to read the contract, though the defendant admits that there was nothing to prevent it. Under these circumstances there was clear neglect in signing the contract without ascertaining its contents.

The plaintiff's right of recovery was clear upon the undisputed evidence; hence the trial court had power, upon setting aside the erroneous verdict, to render judgment in accordance with such undisputed evidence. *Gammon v. Abrams*, 53 Wis. 323; *J. & H. Clasgens Co. v. Silber*, 87 Wis. 357; *Calteaux v. Mueller*, 102 Wis. 525.

*By the Court.*— Judgment affirmed.