BANK OF SUN PRAIRIE, Plaintiff-Appellant-Cross Respondent-Petitioner,

v.

Leah J. ESSER, Defendant-Respondent-Cross Appellant.

Supreme Court

*No. 88-0460. Argued May 29, 1990.—Decided June 19, 1990.*

(Also reported in 456 N.W.2d 585.)

For the plaintiff-appellant-cross respondent-petitioner there were briefs by *Francis J. Eustice, Gregory J. Fuemelle* and *Brill & Eustice, S.C.,* Sun Prairie and oral argument by *Mr. Fuemelle.*

For the defendant-respondent-cross appellant there was a brief by *Carlton Roffa,* Brookfield and oral argument by *Carlton Roffa.*

Amicus curiae brief was filed by *John E. Knight, James E. Bartzen* and *Boardman, Suhr, Curry & Field,* Madison for The Wisconsin Bankers Association.

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *Bank of Sun Prairie v. Esser,* 151 Wis. 2d 11, 442 N.W.2d 560 (Ct. App. 1989), affirming in part and reversing in part the judgment of the Circuit Court of Dane county, Robert A. DeChambeau, Circuit Judge.

The Bank sued to enforce a contract of Guaranty. The circuit court entered judgment in favor of Leah Esser, the defendant, on her claim of misrepresentation in accordance with a jury verdict and a stipulation of the parties. The parties stipulated that if the jury found for the defendant on her claim of misrepresentation then the defendant would not be liable to the Bank upon the Guaranty and the Bank would pay the defendant the sum of $1,800 for attorney's fees. The jury found that the Bank had misrepresented the terms of the Guaranty, and the circuit court ordered judgment for the defendant in the amount of $1,800 plus costs.

The court of appeals upheld the jury verdict and the judgment but concluded that the circuit court abused its discretion by failing to instruct the jury on the issue of punitive damages. The court of appeals remanded the

case to the circuit court for a new trial on the limited issue of punitive damages.

Three issues are presented to this court: (1) whether the circuit court erred in denying the Bank's motion for summary judgment; (2) whether the circuit court erred in denying the Bank's motion for a directed verdict on the issue of misrepresentation; and (3) whether the circuit court erred in refusing to submit the defendant's claim for punitive damages to the jury.

We conclude that the circuit court did not err in denying the Bank's motion for summary judgment; that the circuit court properly submitted the issue of misrepresentation to the jury; and that the circuit court did not err in refusing to give the jury an instruction on punitive damages.

I.

The facts of this case may be briefly summarized. Keith Johnson, not a party in the present action, sought to borrow money from the Bank of Sun Prairie to purchase a truck. A Bank officer advised Johnson that the loan would not be made unless his sister, Leah Esser, the defendant in this action, co-signed the note. Johnson had gone through bankruptcy proceedings several weeks earlier, and his liability on a $27,500 business note to the Bank had been discharged.

The defendant agreed to co-sign the note for the truck loan in the amount of $4,800. As part of co-signing for the loan, she also signed a Continuing Guaranty (Unlimited) which the Bank claims guaranteed Johnson's debts arising out of credit previously granted to Johnson. The Guaranty states that the defendant:

> . . .guarantee[s] payment . . . to Bank when due
> . . . all loans . . . notes and all other debts . . . aris-

ing out of credit previously granted, credit contemporaneously granted or . . . granted in the future by Bank to [Johnson] . . ..

Johnson defaulted on the truck loan. The Bank proceeded to sue the defendant on the Guaranty seeking to recover not only for the $4,800 truck loan, but also for Johnson's earlier $27,500 business loan. The defendant answered asserting in essence that the earlier debt had been extinguished by Johnson's bankruptcy.

The Bank moved for summary judgment on the Guaranty asserting that while the bankruptcy proceedings may have discharged Johnson's liability, the debt still existed and was covered by defendant's Guaranty. The defendant filed two affidavits in opposition to the summary judgment motion. Johnson's affidavit stated, *inter alia,* that he asked the defendant "to co-sign and/or guarantee [the new] loan only." The defendant's affidavit stated that the Bank "requested that I guarantee the said new loan only"; that "I was told that he [Johnson] needed a co-signor and/or guarantor so that he could obtain a new loan"; that "it was my understanding that it [the Guaranty] was only for the purpose of the [new] loan"; that "I did not fully and completely read all of the relevant documents before I signed them"; and that "had I known that the plaintiff bank wanted me to guarantee a pre-existing loan from Keith Johnson to the plaintiff, I would never have signed any documents or obligations." The defendant also submitted parts of her deposition indicating her understanding that the loan she was guaranteeing was the new one.

The circuit court (Walter Block, Circuit Judge) denied the Bank's motion for summary judgment on the grounds that "there are substantial issues of fact to be tried," but did not state the facts to be tried. After the Bank's motion was denied, the defendant filed an

amended answer setting forth a counterclaim that the Bank had fraudulently induced her to sign a guaranty to cover the business note, a debt she believed Johnson discharged in bankruptcy.

Prior to trial, the Bank and the defendant stipulated that if the jury found for the defendant on her counterclaim for misrepresentation, her damages would be limited to the amount of money awarded to the Bank upon its complaint. According to the stipulation, the jury verdict would "vitiate and make the Bank's judgment upon its complaint null and void."

At the close of evidence at trial, the circuit court granted the Bank's motion for a directed verdict on the issue of the defendant's liability under the guaranty for the business note. The case then went to the jury solely on the defendant's counterclaim for misrepresentation. The jury found for the defendant on her misrepresentation claim, and the Bank appealed on this issue. The circuit court refused to instruct the jury on punitive damages, holding that the evidence was not sufficient to justify such an instruction, and the defendant cross-appealed on this issue.

The court of appeals concluded that although the circuit court erred by not granting the Bank's motion for summary judgment, all subsequent circuit court proceedings are not void. The court of appeals concluded that the circuit court properly submitted the defendant's counter-claim for misrepresentation to the jury and that credible evidence supported the jury's answers to the verdict questions in favor of the defendant. Finally, the court of appeals concluded that, on the basis of the facts in the record, the circuit court erred when it failed to instruct the jury on punitive damages. The court of appeals remanded the case for a new trial limited to the issue of punitive damages.

## II.

The first issue this court must consider is whether the circuit court erred in refusing to grant the Bank's motion for summary judgment. The court of appeals and this court review summary judgments de novo. Each court applies the same criteria as the circuit court.

The court of appeals concluded, after reviewing the Bank's affidavits and the counteraffidavits the defendant submitted, that no material facts were in issue and that the Bank's summary judgment motion should have been granted. The court of appeals concluded that the defendant's proofs "went only to Johnson's bankruptcy proceedings [and] at the time of the summary judgment motion, there were no claims of misrepresentation or fraud in the case." *Bank of Sun Prairie, supra,* 151 Wis. 2d at 18. The court of appeals further concluded that the primary issue on argument on the summary judgment motion was whether the discharge in bankruptcy relieved the defendant of liability.

We agree with the court of appeals that the answer appears to raise only the legal question of the effect of the discharge in bankruptcy on the defendant's liability. We disagree with the court of appeals' discussion of the affidavits submitted by the defendant on the summary judgment motion. As previously discussed, the defendant's affidavits and deposition assert in effect that the Bank made a material misrepresentation of fact, namely a misrepresentation of the terms of the Guaranty, to induce the defendant to enter the Guaranty contract. At the hearing on the Bank's summary judgment motion, the Bank's counsel argued not only that bankruptcy did not discharge the defendant's liability for the business loan but also that the parol evidence rule prohibits introduction of defendant's evidence of the alleged misrepre-

sentation to contradict the express language of the Guaranty. The circuit court (Judge Block) concluded, without explanation, that there were issues of fact to be tried.

■■■

We agree with the circuit court. We read the affidavits and deposition the defendant submitted as raising the issue of misrepresentation and challenging the validity of the Guaranty. A material misrepresentation of fact may render a contract void or voidable. Farnsworth, *Contracts* sec. 4.10, p. 235 (1982); Corbin, *Contracts,* sec. 146, p. 635 (1963); Restatement (Second) of Contracts, sec. 7 (1979). The parol evidence rule does not exclude evidence to show misrepresentation as a ground for avoidance of the contract. *In re Spring Valley Meats,* 94 Wis. 2d 600, 608, 288 N.W.2d 852 (1980); Farnsworth, *Contracts* sec. 7.4, p. 465 (1982); 2 Restatement (Second) of Contracts, sec. 214(e) (1979).[1]

■■■

We conclude that the defendant's submissions in opposition to the summary judgment motion raise factual questions of misrepresentation that challenge the Bank's assertion that the defendant is liable under the

---

[1]The circuit court directed a verdict in favor of the Bank on the Guaranty and then allowed the jury to consider the defendant's contention that she was not liable on the Guaranty because of the Bank's fraud. The Bank asserts that the circuit court's granting the Bank's motion for a directed verdict demonstrates that the circuit court erred in not granting the Bank's summary judgment motion. We are not persuaded by this argument because doubt exists regarding the propriety of the circuit court's granting the directed verdict. Both the majority and dissenting judges in the court of appeals agreed that the procedure the circuit court followed in this case was unusual. *Bank of Sun Prairie, supra,* 151 Wis. 2d at 19, nn.2 and 31.

Guaranty. Thus the circuit court was correct in refusing to grant the Bank's motion for summary judgment.

## III.

The second issue this court must consider is whether the circuit court properly denied the Bank's motion for a directed verdict on the claim of misrepresentation.

To prove her claim of intentional misrepresentation, the defendant had to prove, *inter alia,* that she believed the Bank's representation that the Guaranty applied only to the new truck loan and that her reliance on the representation was justifiable. Negligent reliance is not justifiable. *Ins. Co. of North America v. Univ. Mtg. Corp.,* 82 Wis. 2d 170, 175, 262 N.W.2d 92 (1978); *Ritchie v. Clappier,* 109 Wis. 2d 399, 404, 326 N.W.2d 131 (Ct. App. 1982).

The Bank contends that the circuit court erred by not granting its motion for a directed verdict on the defendant's misrepresentation claim. At trial, the defendant testified that she did not read the Guaranty before signing it, but instead relied upon the Bank agent's representation that the Guaranty applied only to the new truck loan. The Bank argues that because the defendant failed to read the contract before signing it, she is negligent as a matter of law and is barred from winning on her claim that the Bank fraudulently induced her to sign the Guaranty. The Bank relies extensively on *Ritchie v. Clappier, supra,* 109 Wis. 2d 399, to buttress its argument.

We conclude, as did the court of appeals, that the circuit court properly submitted the issue of misrepresentation to the jury. *Ritchie* and other cases the Bank

cites[2] do not establish, as a matter of law, that a party is barred from claiming misrepresentation to induce the formation of a contract when the party fails to read the contract. The cases reveal that the facts of the case are important.

[2]The Bank directs our attention to other cases which it contends establish the rule that a person who fails to read a written contract is precluded from defending liability on the basis of misrepresentation. Each case, however, turns on the facts of the case, and in this respect these cases support our reading of *Ritchie*. Professor Farnsworth writes that failure to read the writing is a vexing problem and that "no simple pattern emerges from the cases." Farnsworth, *Contracts* sec. 4.14, p. 248 (1982).

In *W.H. Hobbs Supply Co. v. Ernst*, 270 Wis. 166, 70 N.W.2d 615 (1955), the court concluded on the basis of undisputed facts that the party alleging fraud had information about which a reasonable person would have made inquiry and that the party's reliance on the representation was not justified.

In *Bostwick v. Mutual Life Ins. Co.*, 116 Wis. 392, 89 N.W. 538, 92 N.W. 246 (1903), an insurance agent induced the insured to sign an application for insurance representing the type of premiums to be paid. The policy delivered to the insured did not provide for the premiums as represented. The court concluded that the insured was inexcusably negligent in not examining the policy that was in his possession a substantial period of time. The court reviewed cases and commentary, apparently with approval, that permitted a person who had not read the document to rely on representations.

In *Dowagiac Mfg. Co. v. Schroeder*, 108 Wis. 109, 84 N.W. 14 (1900) and *Standard Mfg. Co. v. Slot* 121 Wis. 14, 98 N.W. 923 (1904) , *Knight & Boswick v. Moore*, 203 Wis. 540, 234 N.W. 902 (1931), the court concluded that, even if a party to a contract may have made oral representations regarding the terms of the sale, no evidence was presented at trial suggesting that the party obscured the actual terms of the contract or induced the defaulting party to sign the contract without reading it.

In *Ritchie,* a licensed real estate broker failed to read a document entitled "QUIT CLAIM DEED," signing the document under the mistaken belief that it was simply a promise to return a rental security deposit. The broker had extensive experience in real estate and testified that he did not trust the other party.

As the court of appeals explained, *Ritchie* does not establish an absolute rule that a person who fails to read a contract is barred from making a claim of misrepresentation. The *Ritchie* court cautioned that all the circumstances must be considered, including the intelligence and experience of the misled individual and the relationship between the parties, to determine whether the individual acted reasonably when relying on the misrepresentation. 109 Wis. 2d at 405–406. The *Ritchie* court determined on the basis of undisputed facts presented at trial, that as a matter of law, the broker in that case was negligent and his reliance was not justifiable. 109 Wis. 2d at 406.

We conclude that the circuit court properly permitted the issue to go to the jury. The determination of whether the defendant justifiably relied upon the Bank's representations was in this case a question of fact for the jury. In contrast to the facts presented in *Ritchie,* conflicting testimony was produced at trial in this case regarding the issue of misrepresentation. The jury was properly instructed regarding the legal standard for finding justifiable reliance. Under the circumstances of this case, the circuit court's denial of the Bank's motion for a directed verdict on the defendant's claim of misrepresentation was not error.

## IV.

The third issue presented is whether the circuit court erred when it concluded that the evidence did not warrant instructing the jury on punitive damages.

This court has held that the circuit court initially determines whether the evidence establishes a proper case for allowance of punitive damages and for the submission of the issue to the jury. *Meshane v. Second Street Co.*, 197 Wis. 382, 386–387, 222 N.W. 320 (1928); *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 298, 294 N.W.2d 437 (1980). The circuit court should not submit the issue of punitive damages to the jury in the absence of evidence warranting a conclusion to a reasonable certainty that the party against whom punitive damages may be awarded acted with the requisite outrageous conduct. *Topolewski v. Plankinton Packing Co.*, 143 Wis. 52, 70, 126 N.W. 554 (1910).

The circuit court reviewed this court's cases involving punitive damages and the evidence and stated:

> I think what we have in this case is a dispute in the evidence regarding what, putting it in the best light of the defendant, what representations were made to the defendant by the agent [of the Bank]. I can't find anything in the record which would evidence malice, vindictiveness or a wanton disregard . . .. [Punitive] damages would be allowed only where the wrong was inflicted under circumstances of aggravation, insult, or cruelty, with vindictiveness or malice. My recollection of the evidence, as a matter of law I cannot find that evidence of that nature is present in this case. Therefore, the Special Verdict questions regarding the issue of punitive damages will not be submitted to the jury.

The court of appeals reviewed the record de novo and remanded the case for punitive damages, concluding that "[f]rom the evidence, a jury could have determined that [the Bank officer's] actions were undertaken in willful or reckless disregard of Esser's rights." *Bank of Sun Prairie, supra,* 151 Wis. 2d at 26.

We have reviewed the record de novo to determine whether as a matter of law the evidence justified submitting the issue to the jury. The facts are set forth in the court of appeals' decision, *Bank of Sun Prairie, supra,* 151 Wis. 2d at 26–29, and we will not repeat them here. We agree with the circuit court and conclude that the evidence is not sufficient to submit to the jury.[3]

For the reasons set forth, we conclude that the circuit court did not err in denying the Bank's motion for summary judgment, that the circuit court properly submitted defendant's claim of misrepresentation to the jury, and that the circuit court did not err in refusing to give the jury an instruction on punitive damages.

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part.

---

[3]The Bank argued that punitive damages do not lie in this case because (1) it is a contract action; and (2) no compensatory damages were awarded. We need not and do not reach these issues.