Marian J. VANGSGUARD, Plaintiff-Appellant,†

State of Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, and General Casualty Company of Wisconsin, Involuntary-Plaintiffs,

v.

PROGRESSIVE NORTHERN INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 94–0561. Submitted on briefs October 6, 1994.—Decided October 27, 1994.*

(Also reported in 525 N.W.2d 146.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Dennis J. Sieg* of *McManus & Sieg, S.C.* of Oregon.

For the defendant-respondent the cause was submitted on the brief of *Ward I. Richter* and *Teresa A. Mueller* of *Bell, Metzner, Gierhart & Moore, S.C.* of Madison.

Before Dykman, Sundby and Vergeront, JJ.

VERGERONT, J. Marian Vangsguard was injured when her automobile was struck by an automobile driven by Don Neis. Vangsguard appeals from a

summary judgment dismissing her complaint against Progressive Northern Insurance Company (Progressive), which had issued a financial responsibility bond to Neis. Vangsguard also sued Neis, but failed to serve him with a copy of the summons and complaint within sixty days of filing. The trial court concluded that the bond did not obligate Progressive until a judgment was obtained against Neis and dismissed the complaint against Progressive. We agree with the trial court that under the motor vehicle financial responsibility statute, § 344.36(3), STATS., Progressive could not be sued until after judgment was obtained against Neis, and we affirm.

The facts relevant to Progressive's motion for summary judgment are undisputed. At the time of the accident, Neis was the principal under a financial responsibility bond issued by Progressive. Vangsguard sued both Neis and Progressive for damages for personal injuries resulting from the accident. Since Vangsguard did not serve Neis within sixty days from the filing of the complaint as required by § 801.02, STATS., Neis was dismissed. By that time, the three-year statute of limitations for personal injury actions had expired, § 893.54, STATS.

The bond issued by Progressive provides that Progressive is "bound unto the State of Wisconsin . . . for the benefit of any persons having a lawful claim hereunder in the maximum penal sum of Sixty Thousand Dollars," subject to certain conditions. The bond obligates Progressive to pay any judgment against Neis, up to certain specified amounts, arising out of his operation of a motor vehicle if Neis does not satisfy the judgment. One of the conditions of the bond limits the right of a judgment creditor to proceed against Progressive as follows:

It is expressly agreed that any judgment creditor may institute and maintain an action or actions against the Surety [Progressive] under this bond direct, but only as provided by Section 344.36(3)[1] of the Wisconsin Statutes.

(Footnote not in original.)

The bond also states that it "is given to comply with the provisions of the Motor Vehicle Financial Responsibility Act, Section 344.01 to 344.41."

The trial court concluded that the unambiguous terms of the bond require that, as a condition precedent to Progressive's liability, there be a judgment against Neis. It rejected Vangsguard's argument that this condition in the bond is invalid because of § 632.24, STATS., Wisconsin's direct action statute.

---

[1] Section 344.36, STATS., provides in part:

(1) Proof of financial responsibility may be evidenced by the bond of a surety company duly authorized to transact business within this state . . . . Such bond shall be conditioned for the payment of the amounts specified in s. 344.01(2)(d). The bond shall be filed with the secretary and shall not be cancelable except after 10 days' written notice to the secretary.

(2) The bond constitutes a lien in favor of the state upon any surety's real estate which is scheduled in the bond and which is not exempt by law from execution . . . . Such lien exists in favor of any holder of a final judgment against the person who filed such bond . . . .

(3) If the judgment rendered against the principal on the bond is not satisfied within 60 days after it has become final, the judgment creditor may, for his or her own use and benefit and at the judgment creditor's sole expense, bring an action in the name of the state against the company or persons executing the bond, including an action or proceeding to foreclose any lien that may exist upon the real estate of a person who has executed such bond. In the foreclosure of such lien, ch. 846 on the foreclosure of real estate mortgages shall apply as far as possible.

We review summary judgments *de novo*. *Bank of Sun Prairie v. Esser*, 155 Wis. 2d 724, 730, 456 N.W.2d 585, 587-88 (1990). Since there are no material facts in dispute, summary judgment must be granted if Progressive is entitled to judgment as a matter of law. The construction of a statute and its application to a given set of facts is a question of law, which we decide without deference to the trial court's conclusions. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

Chapter 344, STATS., is the financial responsibility law for motor vehicles. Subchapter II deals with security for past accidents and subchapter III deals with proof of financial responsibility for the future. Under subchapter III, motorists whose licenses have been revoked because of poor driving records are required to supply proof of financial responsibility in order to have their operator's licenses reinstated. The methods by which motorists may satisfy the financial responsibility requirement are specified in § 344.30, STATS.[2] One method is certification that a motor vehicle liability policy is in effect. Section 344.30(1). Another method is filing a bond of a surety company that meets the requirements of § 344.36, STATS. Section 344.30(2). Sec-

---

[2] Section 344.30, STATS., provides in part: ·

Whenever a person is required under ch. 343 or this chapter to give proof of financial responsibility for the future, such proof may be given by filing:

(1) Certification of insurance as provided in s. 344.31 or 344.32; or

(2) A bond as provided in s. 344.36; or

(3) A certificate of deposit of money or securities as provided in s. 344.37; or

(4) A certificate of self-insurance as provided in s. 344.16 . . . .

tion 344.36(3) provides that if a judgment[3] against the principal on the bond is not satisfied within sixty days after becoming final, "the judgment creditor may, for his or her own use and benefit and at the judgment creditor's sole expense, bring an action in the name of the state against the company or persons executing the bond . . . ."

The bond issued to Neis is, by its terms, intended to meet the requirements of § 344.36, STATS. Under the terms of the bond, Progressive has no obligation to pay any sum until a judgment is rendered against Neis. The bond also specifies the conditions that must be met before Progressive can be sued by a person having a claim against Neis arising out of his operation of a motor vehicle: the person must be a judgment creditor, and the conditions of § 344.36(3) must be met.

There is no dispute that these conditions have not been met. There is no final judgment against Neis in favor of Vangsguard. Under the terms of the bond and the provisions of § 344.36, STATS., dismissal of Vangsguard's complaint against Progressive was proper.

We now examine § 632.24, STATS., to determine whether that statute permits Vangsguard to sue Progressive directly and makes Progressive directly liable to Vangsguard, notwithstanding the terms of the bond and the provisions of § 344.36, STATS. Section 632.24 provides:

---

[3] "Judgment" is defined in ch. 344, STATS., as "a judgment for damages rendered by a court . . . upon a cause of action arising out of the . . . use of any motor vehicle . . ., which judgment has become final by expiration without appeal of the time within which an appeal might have been taken or by final affirmation on appeal." Section 344.01(2)(a), STATS.

590

Any bond or policy of insurance covering liabil-- ity to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

Vangsguard correctly points out that § 632.24, STATS., refers to "bonds," as well as "policies," of insurance. It is also true that if § 632.24 is applicable, a conflicting provision in a bond or policy prohibiting or limiting direct action by the injured party against the insurer is invalid. *See Perlick v. Country Mut. Casualty Co.*, 274 Wis. 558, 561, 80 N.W.2d 921, 923 (1957). However, the conflicting provision in Progressive's bond is expressly authorized by another statute, § 344.36(3), STATS. The issue, therefore, is which of the two statutes controls.

Sections 632.24 and 344.36(3), STATS., are in direct conflict. The former, along with its procedural counter- part, § 803.04(2), STATS.,[4] would make Progressive directly liable to Vangsguard and permit suit and judg-

---

[4] Section 803.04(2)(a), STATS., provides in part:

In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured.

ment against Progressive alone, even though Neis was not sued. *See Kujawa v. Am. Indem. Co.*, 245 Wis. 361, 364, 14 N.W.2d 31, 33 (1944) (injured party can sue and obtain judgment against insurer alone, if action is brought within the statute of limitations). In contrast, § 344.36(3) permits Vangsguard to sue Progressive only in the name of the state and only after a final judgment has been rendered against Neis and remains unsatisfied for sixty days. Section 344.36(3) is the more specific statute because it deals only with financial responsibility bonds as authorized and required by the motor vehicle financial responsibility law, whereas § 632.24 deals with any bond or policy of insurance covering liability. Where two statutes conflict, the more specific controls. *State ex rel. Oman v. Hunkins*, 120 Wis. 2d 86, 90, 352 N.W.2d 220, 222 (Ct. App. 1984). We conclude that § 344.36(3) controls over 632.24 and authorizes the condition in Progressive's bond that permits suit against Progressive by an injured party only after a judgment is obtained against Neis.[5]

We do not agree with Vangsguard that *Decade's Monthly Fund v. Whyte & Hirschboeck*, 173 Wis. 2d 665, 495 N.W.2d 335 (1993), suggests otherwise. In that case, the court held that an indemnity insurance policy, as well as a liability insurance policy, were governed by § 632.24, STATS. An indemnity policy covers losses actually paid by the insured and a liability policy insures against losses arising from liability to a third party. *Decade's Monthly Fund*, 173 Wis. 2d at 669, 495 N.W.2d at 336-37. The indemnity policy in *Decade's*

---

[5] Because we hold that § 344.36(3), STATS., controls over § 632.24, STATS., we do not address Progressive's contention that a financial responsibility bond is not insurance.

*Monthly Fund* was not a financial responsibility bond and the financial responsibility law was not involved.

Since Vangsguard did not have a judgment against Neis, the trial court properly dismissed Vangsguard's action against Progressive.

*By the Court.*—Judgment affirmed.