Stanley K. MILLER and Deborah D. Miller, Plaintiffs-Respondents,

v.

WAL-MART STORES, INC., Defendant-Appellant.†

Supreme Court

*No. 96–2529. Oral argument January 7, 1998.—Decided June 24, 1998.*

(On certification from the court of appeals.)

(Also reported in 580 N.W.2d 233.)

†Motion for reconsideration denied August 21, 1998.

252

For the defendant-appellant there were briefs (in the Supreme Court) by *Thomas R. Thibodeau, Jerome D. Feriancek* and *Johnson, Killen, Thibodeau and Seiler, P.A.*, Duluth, MN and oral argument by *Joseph J. Roby, Jr.* and *Jerome D. Feriancek.*

For the plaintiffs-respondents there were briefs (in the Supreme Court) by *Forrest O. Maki, Robert R.*

*Kanuit* and *Weiby, Maki, Durst, Ledin, Bick & Lehr, S.C.*, Superior and oral argument by *Robert R. Kanuit*.

Amicus curiae brief was filed by *Mark K. Thomsen* and *Cannon & Dunphy, S.C.*, Brookfield for Wisconsin Academy of Trial Lawyers.

Amicus curiae brief was filed by *Beth Rahmig Pless* and *Denissen, Kranzush, Mahoney & Ewald, S.C.*, Green Bay for Civil Trial Counsel of Wisconsin.

¶ 1. WILLIAM A. BABLITCH, J. Wal-Mart Stores, Inc. (Wal-Mart) appeals from the circuit court's entry of judgment of a jury verdict awarding Stanley K. Miller (Miller) $50,000 in compensatory and punitive damages. Three Wal-Mart employees stopped and detained Miller because they suspected him of shoplifting. Miller filed this action, claiming that Wal-Mart unlawfully stopped, detained, interrogated, and searched him. The jury determined that Wal-Mart was negligent in the hiring, training or supervising of its employees, which caused Miller damages. The jury further determined that the Wal-Mart employees did not have reasonable cause to believe that Miller had shoplifted.

¶ 2. The court of appeals certified the case to this court to determine whether the tort of negligent hiring, training or supervising is a valid claim in Wisconsin thereby justifying the jury's award of compensatory and punitive damages and whether merchant immunity under the retail theft statute applies to this case. We conclude that negligent hiring, training or supervision is a valid claim in Wisconsin. However, in this case the Special Verdict form did not present the proper questions regarding the elements of the tort: it did not completely ask whether Miller met the element regard-

ing cause-in-fact. We also conclude that the retail theft statute is applicable to the tort of negligent hiring, training, or supervision, but Wal-Mart is not afforded immunity from civil and criminal liability in this case because it did not meet the statutory elements. Accordingly, we reverse the judgment of the circuit court and remand for further proceedings only with respect to the elements of the tort as set forth in this opinion.

¶ 3. The facts relevant to this appeal are as follows. When the plaintiff, Miller, left the Wal-Mart store in Superior, Wisconsin three Wal-Mart employees approached him in the store's parking lot. The Wal-Mart personnel stopped Miller because a loss prevention employee, Mr. Richard Maness (Maness), believed that Miller stole a swimsuit. Upon approaching Miller, Maness asked for the swimsuit. The parties dispute the exact nature of the exchange that ensued between Miller and the Wal-Mart employees. Regardless, Maness did not find the swimsuit on Miller and the encounter ended.

¶ 4. Miller filed an action against Wal-Mart Stores, Inc., alleging that the Wal-Mart employees unlawfully stopped, detained, searched, and interrogated him, which caused him damages. Following a four-day jury trial, the jury, in answering questions on a Special Verdict form, rejected Miller's claims that Wal-Mart, acting through one or more of its employees, was liable for false imprisonment, battery, negligent infliction of emotional distress, and loss of consortium claimed by Miller's spouse. The jury determined, however, that Wal-Mart was negligent in hiring, training or supervising its employees and this negligence was a cause of damage to Miller. The jury also found that Wal-Mart did not have reasonable cause to believe that Miller carried away or concealed unpurchased mer-

chandise. The jury awarded Miller $20,000 in compensatory damages for past mental pain and suffering and $30,000 in punitive damages.

¶ 5. The circuit court denied Wal-Mart's post-verdict motions for directed verdict, judgment notwithstanding the verdict, change of verdict and answers and, in the alternative, a new trial. Judgment was entered. Wal-Mart appealed from the judgment and from the circuit court's denial of its post-verdict motions. We accepted the court of appeals' certification of the case, pursuant to Wis. Stat. § (Rule) 809.61 (1993–94).[1]

¶ 6. This case presents two issues: first, whether Wisconsin recognizes the tort of negligent hiring, training or supervision and, if so, whether the elements of that tort were satisfied in this case so that the jury's award of compensatory and punitive damages was appropriate; and second, whether merchant immunity, pursuant to Wis. Stat. § 943.50, is applicable in this case.

■

¶ 7. Turning to the first issue, the parties correctly agree that whether a cause of action for negligent hiring, training or supervision exists as a claim for relief in Wisconsin is a question of law. *See Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 805, 476 N.W.2d 871 (1991). This court reviews questions of law de novo, benefiting from the analysis of the circuit court. *See State v. Szulczewski*, 216 Wis. 2d 494, 574 N.W.2d 660, 662 (1998).

■

¶ 8. This court has, on several occasions, expounded on Wisconsin's common law of negligence.

---

[1] All references to Wisconsin Statutes are to the 1993–94 version unless otherwise noted.

"In order to maintain a cause of action for negligence in this state, there must exist: (1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Rockweit v. Senacal*, 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995) (citations omitted). Even if these elements are met, public policy considerations may nevertheless preclude imposing liability on the defendant. *See Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 737, 275 N.W.2d 660 (1979).

¶ 9. We first address whether Wal-Mart has a duty of care to Miller. In Wisconsin, everyone has a duty of care to the whole world. *See Morgan*, 87 Wis. 2d at 732.

> [T]he proper analysis of duty in Wisconsin is as follows: "The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act. . . ."

*Rockweit*, 197 Wis. 2d at 419–20 (quoting *A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 483–84, 214 N.W.2d 764 (1974)). " 'A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone.' " *Rolph v. EBI Cos.*, 159 Wis. 2d 518, 532, 464 N.W.2d 667 (1991). The duty is to refrain from such act or omission. *See A.E. Investment*, 62 Wis. 2d at 485.

¶ 10. Miller alleges that Wal-Mart failed to adequately and properly train its loss prevention employee, Maness. As Miller points out, loss preven-

tion employees are entrusted with special duties and given authority to stop individuals suspected of shoplifting. Because it is foreseeable that if not properly trained, a loss prevention employee could cause harm to someone, we believe that Wal-Mart has a duty of care toward its patrons including Miller.

■

¶ 11. The second question is whether Wal-Mart breached its duty of care toward Miller.

A person fails to exercise ordinary care, when, without intending to do any harm, he or she does something or fails to do something under circumstances in which a reasonable person would foresee that by his or her action or failure to act, he or she will subject a person or property to an unreasonable risk or injury or damage.

Wis JI—Civil 1005; *see also Shannon v. Shannon*, 150 Wis. 2d 434, 443–44, 442 N.W.2d 25 (1989).

¶ 12. As discussed above, it is foreseeable that failing to properly train or supervise any employee, but especially a loss prevention associate, would subject shoppers to unreasonable risk, injury or damage. If Wal-Mart fails to properly hire, train or supervise its employees, it breaches its duty to shoppers at its store. The jury determined that Wal-Mart negligently hired, trained or supervised its employees. Therefore, Wal-Mart breached its duty to its patrons.

■

¶ 13. The third consideration is whether there is a causal connection between the conduct and the injury. "Legal cause in negligence actions is made up of two components, cause-in-fact and 'proximate cause,' or policy considerations." *Morgan*, 87 Wis. 2d at 735. Regarding cause-in-fact, the test is whether the negli-

gence was a substantial factor in producing the injury. *See id.* "[T]here can be more than one substantial factor contributing to the same result and thus more than one cause-in-fact." *Id.* If reasonable people could differ on whether the defendant's negligence was a cause-in-fact of the plaintiff's injuries, the question is one for the jury. *See id.* The determination of cause-in-fact is a question for the court only if reasonable people could not disagree. *See id.* at 735–36.

¶ 14. With respect to a cause of action for negligent hiring, training or supervision, we determine that the causal question is whether the failure of the employer to exercise due care was a cause-in-fact of the wrongful act of the employee that in turn caused the plaintiff's injury. In other words, there must be a nexus between the negligent hiring, training, or supervision and the act of the employee. This requires two questions with respect to causation. The first is whether the wrongful act of the employee was a cause-in-fact of the plaintiff's injury. The second question is whether the negligence of the employer was a cause-in-fact of the wrongful act of the employee. *See, e.g., Louis Marsch, Inc. v. Pekin Ins. Co.*, 491 N.E.2d 432, 437 (Ct. App. Ill. 1985) ("[T]here is no liability on [the defendant's] part under the negligent hiring count unless [the plaintiff's] negligence *or otherwise wrongful conduct* in operating the dump truck is also established." (emphasis added)). The act of the employee, whether intentional or unintentional, must be causal to the injury sustained. But equally important, the negligence of the employer must be connected to the act of the employee.

¶ 15. If the act of the employee was not a cause-in-fact of the injury, then there is no need to go further. But if the wrongful act of the employee was a cause-in-

fact of the plaintiff's injury, then the trier of fact must further determine if the failure of the employer to exercise due care in the hiring, training or supervision of the employee was a cause-in-fact of the act of the employee which caused the injury. The jury, in answering questions on the Special Verdict form, determined that Wal-Mart, acting through one or more of its employees, was not liable for the torts of false imprisonment, battery or negligent infliction of emotional distress. Nonetheless, the jury determined that Wal-Mart negligently hired, trained or supervised its employees, and this negligence caused damage to Miller. The jury further determined that Wal-Mart's employees did not have reasonable cause to stop Miller. What we do not know, and must remand to determine, is whether the act of stopping Miller without reasonable cause was caused by Wal-Mart's negligent hiring, training or supervision of its employees.

¶ 16. Wal-Mart argues that if the tort of negligent hiring, training or supervision is a valid claim, it should include as an element, an underlying tort committed by the employee. We disagree. While we stop short of requiring an underlying tort, we do conclude that there must be an underlying wrongful act committed by the employee as an element of the tort of negligent hiring, training or supervision. A wrongful act may well be a tort, but not necessarily. If the act of the employee is contrary to a fundamental and well-defined public policy as evidenced by existing statutory law, it is sufficient. *See Hausman v. St. Croix Care Center*, 214 Wis. 2d 654, 663, 571 N.W.2d 393 (1997) (citation omitted).

¶ 17. Assuming all the necessary elements are proven, Wal-Mart should not escape liability for its

negligent act or omission simply because the employee's underlying wrongful act is not an actionable tort. The act of stopping Miller without reasonable cause was unquestionably a wrongful act, albeit not a tortious one. It was contrary to fundamental and well-defined public policy as evidenced by existing statutory law: the retail theft statute gives rise to merchant immunity only if the merchant has reasonable cause to believe the person shoplifted. *See* Wis. Stat. § 943.50(3). The act of stopping and physically detaining a person, absent reasonable cause, is tantamount to an arrest. However, even the police do not have a right to arrest without probable cause. *See* U.S. Const. amend. IV. Stopping someone without reasonable cause in this situation is serious and it is wrong.

¶ 18. The causal connection between Wal-Mart's alleged negligence and the wrongful act of the employee which caused the plaintiff's injuries is a determination that must be made by the jury. If the jury determines that the wrongful act of the employee caused the plaintiff's injury, the jury must then determine if the employer was negligent in hiring, training or supervising the employee which was a cause-in-fact of the wrongful act of the employee.

¶ 19. Even when negligence and negligence as a cause-in-fact are present, liability does not necessarily follow. If the jury determines that the defendant has a duty to the plaintiff, the defendant breaches that duty and the breach causes injury in fact, public policy considerations may nevertheless preclude imposing liability on the defendant. *See Morgan*, 87 Wis. 2d at 737. This is solely a judicial determination. *See id.*

Some of the public policy reasons for not imposing liability despite a finding of negligence as a

substantial factor producing injury are: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

*Id.* (citing *Coffey v. Milwaukee*, 74 Wis. 2d 526, 541, 247 N.W.2d 132 (1976)). Although "it is generally better procedure to submit the negligence and cause-in-fact issues to the jury before addressing the public policy issue," this court may make the public policy determination if such question is fully presented by the complaint and answer. *Morgan*, 87 Wis. 2d at 738 (citing *Padilla v. Bydalek*, 56 Wis. 2d 772, 779–80, 203 N.W.2d 15 (1973)). In the present case this court requested supplemental briefs from the parties regarding the public policy considerations. Although the arguments were somewhat lacking, we nevertheless make the public policy determinations because the complaint and answer sufficiently set forth the plaintiff's allegations.

¶ 20. The first policy consideration is whether the injury is too remote from the negligence. *See Morgan*, 87 Wis. 2d at 737. As Miller argues, the hiring, training and supervision of employees is exclusively within the employer's control. Testimony at the trial in this case provided that Maness was not trained regarding his duties and responsibilities under the retail theft statute, Wis. Stat. § 943.50. We determine that assuming this failure to adequately train Maness led him to

stop Miller without reasonable cause which in turn caused Miller's injuries, the injury is not too remote from Wal-Mart's negligence.

¶ 21. The next policy consideration is whether "the injury is too wholly out of proportion to the culpability of the negligent tortfeasor." *Id.* In this case, Wal-Mart was solely responsible for hiring, training and supervising Maness. Assuming their failure to properly train and supervise caused their employee's wrongful act, holding Wal-Mart liable for the damages caused by Maness is not out of proportion to Wal-Mart's culpability.

¶ 22. Third, it is not highly extraordinary that Wal-Mart's negligence would bring about harm to Miller. *See id.* Security agents are given considerable authority. If not properly trained and supervised, it is not extraordinary that a security agent could bring about considerable harm.

¶ 23. Fourth, we also determine that allowing recovery for Miller would not place an unreasonable burden on Wal-Mart. In this case, the employee stopped and detained Miller without reasonable cause—an act which abrogates Wal-Mart's privilege of immunity under Wis. Stat. § 943.50(3). It is not unreasonable to impose civil liability on Wal-Mart because, assuming that Maness had been properly trained, he may not have stopped Miller without reasonable cause.

¶ 24. Fifth, allowing recovery for Miller will not open the door to fraudulent claims. Wal-Mart argues that if this court recognizes the tort of negligent hiring, training or supervision it should require that the employee commit an underlying tort. Without this requirement, Wal-Mart argues, persons with criminal convictions will not be employable because the mere fact that a person has a criminal record would subject

the employer such as Wal-Mart to liability. We disagree. Although we do not require that the employee commit an underlying actionable tort to hold the employer liable for negligent hiring, training or supervision, we have concluded that an element of the tort is that the employee commit a wrongful act that causes the plaintiff's injury. Simply having a criminal record does not cause an injury to a plaintiff. It is only when that employee, like any other employee, commits an act that injures a third party may an employer be liable for negligent hiring, training, or supervision. This requirement in itself will prevent, or at least minimize possible fraudulent claims.

¶ 25. Sixth, we consider whether allowing Miller recovery would "enter a field that has no sensible or just stopping point." *Morgan*, 87 Wis. 2d at 737. Wal-Mart asserts that plaintiffs would file an action based on their perceived potential for injury because the employer was negligent in hiring, training or supervising its employees. However, as discussed above, we determine that an employer cannot be held liable for negligent hiring, training, or supervision if the employee simply does some act that the plaintiff finds offensive. The employee's conduct must be a cause-in-fact of the plaintiff's injury. Only then can a jury move to the second causation question of whether the employer's negligence was a cause-in-fact of the employee's wrongful and injurious act. Requiring that the employee's act be a cause-in-fact of the plaintiff's injury provides a just and sensible stopping point.

¶ 26. In sum, we hold that the tort of negligent hiring, training or supervising is a valid claim in Wisconsin. To state a claim for such negligence, the plaintiff must show that the employer has a duty of

care, that the employer breached that duty, that the act or omission of the employee was a cause-in-fact of the plaintiff's injury, and that the act or omission of the employer was a cause-in-fact of the wrongful act of the employee. We also determine that in this case, applying the tort of negligent hiring, training or supervision does not contravene public policy considerations.

¶ 27. In the present case, we cannot determine whether the elements of the tort of negligent hiring, training or supervising were satisfied because the Special Verdict did not present the proper questions regarding the elements of this tort. The jury did not determine whether the wrongful act of the employee was caused by Wal-Mart's negligent hiring, training or supervision. Accordingly, we remand this case for the jury to make these determinations.

¶ 28. Regarding the jury's award of compensatory and punitive damages, this issue need not be retried on remand. The new trial is confined to Wal-Mart's liability under the elements of the tort of negligent hiring, training or supervision as we have defined it in this opinion. *See, e.g., Kerkman v. Hintz,* 142 Wis. 2d 404, 407, 418 N.W.2d 795 (1988) (remanding for a new trial on the issue of negligence but affirming jury verdict for no damages for loss of consortium).

¶ 29. Wal-Mart argues that there is no basis for the jury's award of punitive damages. A circuit court submits a question of punitive damages to the jury only after determining, as a matter of law, that there is evidence to support an award of punitive damages. *See Jacque v. Steenberg Homes, Inc.,* 209 Wis. 2d 605, 614, 563 N.W.2d 154 (1997) (citing *Lievrouw v. Roth,* 157 Wis. 2d 332, 344, 459 N.W.2d 850 (Ct. App. 1990)). "To determine whether, as a matter of law, the question of

punitive damages should have been submitted to the jury, this court reviews the record de novo." *Jacque*, 209 Wis. 2d at 614 (*Bank of Sun Prairie v. Esser*, 155 Wis. 2d 724, 736, 456 N.W.2d 585 (1990)).

¶ 30. First, we agree with Wal-Mart's assertion that punitive damages can only be awarded if the jury awards actual damages. *See Tucker v. Marcus*, 142 Wis. 2d 425, 438–39, 418 N.W.2d 818 (1988). However, in this case the jury awarded the plaintiff $20,000 in compensatory damages for his past mental pain and suffering. The circuit court entered judgment on this jury verdict. This award of damages "represents a remedy recoverable in accordance with an order for judgment." *Id.* at 439. Accordingly, punitive damages may be awarded.

¶ 31. Wal-Mart further argues that Miller failed to present evidence of conduct justifying punitive damages. There are generally two types of conduct that justify an award of punitive damages.

> "The first type is that in which the defendant desires to cause the harm sustained by the plaintiff, or believes that the harm is substantially certain to follow his conduct. With the second type of conduct the defendant knows, or should have reason to know, not only that his conduct creates an unreasonable risk of harm, but also that there is a strong probability, although not a substantial certainty, that the harm will result but, nevertheless, he proceeds with his conduct in reckless or conscious disregard of the consequences."

*Brown v. Maxey*, 124 Wis. 2d 426, 433, 369 N.W.2d 677 (1985) (quoting J. Ghiardi and J. Kircher, *Punitive Damages Law and Practice*, ch. 5, § 5.01 at 8–9 (1984)).

██

¶ 32. Our independent review of the record shows that the circuit court was correct—there is sufficient evidence to support an award of punitive damages, assuming a causal connection between the employer's negligence and the employee's wrongful act. The loss prevention employee, Maness, testified that Wal-Mart did not train him regarding Wisconsin's retail theft statute on the rights and duties of merchants and customers. As a result, Maness testified that he understood that he had the right to recover merchandise from suspected shoplifters; that he could make a "citizens arrest;" that he had more latitude than a police officer in conducting a search of a person; and that he did not need consent from a suspected shoplifter to question him or her. Wal-Mart's store manager and assistant manager who were present when Maness stopped Miller, also testified that they were not trained regarding Wisconsin's retail theft statute. We conclude that this evidence is sufficient to support an award of punitive damages, assuming a causal connection between the employer's negligence and the employee's wrongful act. Accordingly, the circuit court was correct to submit the question of punitive damages to the jury. The part of the jury's verdict awarding compensatory and punitive damages should not be upset unless, on remand, the jury does not find the elements of the tort of negligent hiring, training or supervision.

██

¶ 33. We now turn to the issue of whether merchant immunity, pursuant to Wis. Stat. § 943.50(3) (reprinted below)[2] is applicable to this case. Resolution

---

[2] Wis. Stat. § 943.50(3) provides:

of this issue requires that we interpret § 943.50(3). Statutory interpretation is a question of law which we review de novo. *See Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996). The main goal of statutory interpretation is to discern the intent of the legislature. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997). We first look to the plain language of the statute. *See id.* If the plain language is ambiguous, we turn to extrinsic aids such as the legislative history, scope, context and purpose of the statute to determine legislative intent. *See id.*

¶ 34. The plain language of Wis. Stat. § 943.50(3) immunizes a merchant from civil and criminal liability if all of the elements of the statute are met. One of the elements is that the merchant must have reasonable cause for believing that the person shoplifted. If the merchant does have the requisite reasonable cause, the merchant can then detain the suspected shoplifter in accord with the statute in order to maintain the privilege of immunity. *See Hainz v. Shopko Stores, Inc.*, 121

---

(3) A merchant, a merchant's adult employe or a merchant's security agent who has reasonable cause for believing that a person has violated this section in his or her presence may detain the person in a reasonable manner for a reasonable length of time to deliver the person to a peace officer, or to his or her parent or guardian in the case of a minor. The detained person must be promptly informed of the purpose for the detention and be permitted to make phone calls, but he or she shall not be interrogated or searched against his or her will before the arrival of a peace officer who may conduct a lawful interrogation of the accused person. The merchant, merchant's adult employe or merchant's security agent may release the detained person before the arrival of a peace officer or parent or guardian. Any merchant, merchant's adult employe or merchant's security agent who acts in good faith in any act authorized under this section is immune from civil or criminal liability for those acts.

Wis. 2d 168, 173, 359 N.W.2d 397 (Ct. App. 1984). A suspected shoplifter may only be detained in a reasonable manner and only for a reasonable length of time. *See id.*

¶ 35. "Any merchant, merchant's adult employe or merchant's security agent who acts in good faith in any act authorized under this section is immune from civil or criminal liability for those acts." Wis. Stat. § 943.50(3). The statute does not discriminate regarding the type of civil liability from which a merchant is immune. The plain language of the statute provides that the merchant is immune if he or she acts in compliance with the statute. Accordingly, if a merchant is liable for negligent hiring, training or supervision, the merchant may nevertheless be immune from liability if he or she meets the elements of § 943.50(3).

¶ 36. In this case, the jury determined that Wal-Mart did not have reasonable cause to believe Miller shoplifted. Wal-Mart argues that it presented undisputed testimony to satisfy each element of Wis. Stat. § 943.50(3). Wal-Mart asserts that its employees did have reasonable cause to suspect Miller of shoplifting, and it did not abuse its privilege under § 943.50(3). Therefore, Wal-Mart argues that it is immune from civil and criminal liability and Miller's action should be dismissed as a matter of law. We disagree.

¶ 37. Wal-Mart filed a post-trial motion for directed verdict. The standard for reviewing the sufficiency of the evidence to sustain the jury verdict is set forth in Wis. Stat. § 805.14(1):

> (1) TEST OF SUFFICIENCY OF EVIDENCE. No motion challenging the sufficiency of the evidence as a matter of law to support a verdict, or an answer in a verdict, shall be granted unless the court is

satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party.

§ 805.14(1); *see also Helmbrecht v. St. Paul Ins. Co.,* 122 Wis. 2d 94, 109–110, 362 N.W.2d 118 (1985). A circuit court's denial of a motion for directed verdict should be overturned only if such ruling is clearly erroneous. *See id.* " '[T]he trial court has such superior advantages for judging of the weight of the testimony and its relevancy and effect that this court should. . .disturb the decision [to deny a motion for directed verdict]. . .only when the mind is clearly convinced that the conclusion of the trial judge is wrong.' " *Olfe v. Gordon,* 93 Wis. 2d 173, 186, 286 N.W.2d 573 (1980) (quoting *Trogun v. Fruchtman,* 58 Wis. 2d 569, 585, 207 N.W.2d 297 (1973)).

¶ 38. A review of the record shows that the testimony of the parties is in dispute regarding the nature of the encounter between Miller and the Wal-Mart employees. However, when viewed most favorably to Miller, sufficient evidence exists to sustain the jury's verdict that the Wal-Mart employees did not have reasonable cause to believe that Miller had shoplifted. Although reasonable minds could come to different conclusions, the jury's verdict is supported by the evidence. Stopping is an "act authorized" only when the employee has reasonable cause. Having not acted with reasonable cause, the act of stopping was not "authorized under this section." Wis. Stat. § 943.50(3). Accordingly, Wal-Mart cannot gain the benefit of the merchant immunity statute. We conclude that the circuit court's denial of Wal-Mart's motion for directed

verdict was not clearly erroneous. On remand, this issue need not be decided again.

¶ 39. In sum, we hold that a cause of action for negligent hiring, training or supervision is a valid claim in Wisconsin. We conclude, however, that in this case, the Special Verdict form did not present the proper questions regarding the elements of the tort; therefore, we cannot determine whether Miller met the elements. We remand the case for the jury to determine whether the failure of the employer to exercise due care was a cause-in-fact of the wrongful act of the employee which in turn caused the plaintiff's injury. The wrongful act of the employee does not necessarily have to be a tort; it is sufficient if the employee's wrongful act is contrary to a fundamental and well-defined public policy as evidenced by existing statutory law. In this case, the employee's wrongful act was stopping Miller without reasonable cause—an act contrary to fundamental and well-defined public policy evidenced in Wis. Stat. § 943.50(3), the retail theft statute. What the jury must determine is whether this wrongful act caused Miller injury. If it did, the jury must then determine whether Wal-Mart's alleged negligence in hiring, training or supervising its employee was a cause-in-fact of the employee's wrongful conduct. Assuming the causal connection, however, the jury's award of compensatory and punitive damages is supported by the record, and need not be retried.

¶ 40. We also hold that Wis. Stat. § 943.50 regarding retail theft, is applicable to the tort of negligent hiring, training or supervision. Although an employer may be liable for this tort, the employer may nevertheless be immune from liability under Wis. Stat. § 943.50(3) which grants merchant immunity from civil

274

and criminal liability if he or she meets the statutory elements. In the present case Wal-Mart is not immune from liability because the jury determined that Wal-Mart failed to meet one of the statutory elements—reasonable cause to believe Miller shoplifted.

*By the Court.*—The judgment of the circuit court is reversed and remanded for proceedings consistent with this opinion.

¶ 41. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE, withdrew from participation.

¶ 42. JANINE P. GESKE, J., did not participate.

¶ 43. DONALD W. STEINMETZ, J. (*dissenting*). I agree with the majority that we should recognize a cause of action for negligent hiring, training, or supervision as a claim for relief in Wisconsin. I dissent, however, because I would hold that the tort of negligent hiring, training, or supervision should include, as a necessary element, an underlying tort committed by the employee.

¶ 44. Rather than requiring that the plaintiff prove that the employee committed an underlying tort, the majority concludes that an employer may be held liable for the negligent hiring, training, or supervision of an employee, if a plaintiff establishes that the employee committed an "underlying wrongful act." The majority does not cite to any legal authority that defines an "underlying wrongful act." The only guidance the majority provides is that a "wrongful act" is an act of the employee that is "contrary to a fundamental and well-defined public policy as evidenced by existing law." Majority op. at 263. This general and amorphous statement is no guidance at all for the litigants, attorneys, and courts to whom the majority has

275

left the responsibility of defining this murky legal theory.

¶ 45. The majority's decision, unfortunately, is a perfect example of the maxim that "hard cases make bad law." This case could easily be decided by the straightforward application of well-established principles of tort law. The jury in this case rejected every underlying claim filed against the Wal-Mart employees who stopped and searched the plaintiff. Since the employee did not commit an underlying tort, the court should have simply reversed the judgment of the circuit court. The court, however, has taken it upon itself to craft a new, untested theory of law to allow this particular plaintiff to recover damages from the exonerated employee's employer. Relying solely on the employer immunity statute, Wis. Stat. § 943.50(3), the majority concludes that stopping someone without reasonable cause "is serious and it is wrong." Wal-Mart, the majority concludes, should not escape liability simply because its employee's underlying act is not an actionable tort. *See* majority op. at 264.

¶ 46. With this decision, the majority has departed from well-established principles of tort law. The majority's approach provides no meaningful guidance to litigants, attorneys, and courts as to how a "wrongful act" is to be determined, and its decision no doubt will open the courtroom doors to a flood of litigation. I refuse to follow the court down this path of uncertainty.

¶ 47. I am authorized to state that Justice Jon P. Wilcox joins this dissenting opinion.